Dykman, J.
The defendant in this action is a lawyer, who obtained a judgment against the plaintiff for and in the name of his son. Upon that judgment the defendant issued an execution in his professional capacity against the person of the defendant and it was delivered to the sheriff, who arrested the plaintiff in obedience to its requirements, and locked him up in the county jail, where he remained several days.
This action is for the recovery of the damages sustained by the plaintiff by reason of such imprisonment. The exe-. cution so given out by the defendant against the person was not justified by the judgment, and was illegal, and the imprisonment which resulted from its issuance was wrongful and false.
The trial of the cause resulted in a verdict in favor of the plaintiff for $5,000, and the defendant has appealed *736 from- the judgment and from an order denying a motion for a new trial on the ground of excessive damages.
Without a decision of the other questions presented by the appeal we have concluded to grant a new trial, because the verdict is excessive.
Under the charge of the trial judge the jury was at liberty to award the plaintiff compensation for the damages resulting to him naturally and necessarily from the act of the defendant; and he told the jury that while the defendant may possibly, under the proof, have been over-venturesome, yet he found nothing to justify the jury in viewing his conduct as inspired by malice. He placed the case before the jury as one where an attorney made a mistake and issued an execution where he had no right to do so and assumed the risk, and where the plaintiff was entitled to compensation only.
The size of the verdict is unmistakable evidence of the presence of some element besides due deliberation and .sound judgment. Probably the large verdict resulted from a failure of the jury to distinguish sufficiently between compensatory and exemplary damages.
Our conclusion is that it will be much more satisfactory to take the verdict of another jury, and for that purpose a new trial should be granted, with costs to abide the event.
Pratt, J., concurs; Barnard, P. J., not sitting.